# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL RODRIGUEZ and MARIA DEL CARMEN SOTO,<br><br>        Plaintiff,<br><br>  v.<br><br>COUNTRYWIDE HOMES, et.al.,<br><br>        Defendants. | 1:08-cv-0869 DLB<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE<br><br>(Docs. 8, 10) |

Defendants Litton Loan Servicing ("Litton") and Mortgage Electronic Registration Systems, Inc.("MERS") (sued erroneously herein as Mortgage Electronic Registration System, Inc.) filed the instant motion to dismiss and motion to strike on July 15, 2008. The matter was heard on September 5, 2008 before the Honorable Dennis L. Beck, United States Magistrate Judge. David Jenkins appeared for defendants Litton and MERS. Kimberly Mayhew appeared for plaintiffs Leonel Rodriguez and Maria Del Carmen Soto ("Plaintiffs")

## **BACKGROUND**

Plaintiffs Leonel Rodriguez and Maria Del Carmen Soto ("Plaintiffs") filed the instant complaint in the Fresno County Superior Court on May 14, 2008. On June 19, 2008, defendants Litton and MERS (collectively "Defendants") filed a notice of removal. Defendant Countrywide Home Loans filed a Notice of Joinder of Removal on June 19, 2008. The complaint includes the following claims: (1) violation of the Real Estate Settlement Procedure Act ("REPSA"), 12

1

U.S.C. § 2601, et seq.; (2) violation of California Civil Code Section 2937; (3) Wrongful Foreclosure; and (4) violation of California Business and Profession Code § 17200, et. seq. (Unfair Business Practices).

The action concerns real property commonly known as 16688 2nd Street, Huron, California 93234 ("the Property").  In July 2006, Plaintiffs obtained a loan in the amount of $100,000 from MILA, Inc., secured by a Deed of Trust on the Property.  Compl. ¶ 10.  The Deed of Trust was assigned to LaSalle Bank National Association and transferred to defendant Litton for servicing.  Compl. ¶ 13.  Plaintiffs allege they never received notice of the transfer at their mailing address, which was known to Defendants, of P.O. Box 472 Huron, California.  *Id.* Plaintiffs contend use of a Post Office Box is necessary in the city of Huron because there is no mail delivery to residences.  *Id.*   From the inception of the loan, Plaintiffs made all monthly payments to Countrywide, through and including November 2007.  Compl. ¶14.  After the loan was transferred to defendant Litton, Countrywide forwarded Plaintiffs' monthly payments to Litton.  *Id.*  Plaintiffs contend they paid the loan payments with money orders from September 2006 through November 2007 and the money orders set forth Plaintiffs' Post Office Box, the only address at which they received mail.  Compl. ¶ 15.

On July 6, 2007, a Notice of Default was recorded and a foreclosure sale took place on October 31, 2007 where the Property was purchased by La Jolla Group II.  Compl. ¶¶ 17-18. Plaintiffs contend they did not receive the Notice of Default or notice of the foreclosure sale. *Id.* Plaintiffs were evicted from the Property in late 2007, early 2008.  Plaintiffs contend their final monthly payment was cashed by Litton on December 17, 2007.

In the first claim for violation of the REPSA, 12 U.S.C. § 2601 and the second claim for violation of Civil Code § 2937, Plaintiffs allege that Countrywide and Litton failed to provide notice of the transfer of the Loan servicing to Plaintiffs at their last known address as required by law.  In the third claim for Wrongful Foreclosure, Plaintiffs allege that as a result of Defendants' conduct, the Property was foreclosed upon, despite a lack of default on the part of Plaintiffs.  In the fourth claim for violation of Business and Professions Code § 17200, et.seq., Plaintiffs allege that Defendants' conduct constitutes unfair competition and unfair business practices in that the

alleged conduct violated both common law and statutory duties.  Plaintiffs seek actual, general and punitive damages as well as restitution and/or disgorgement in an amount to be determined.  Plaintiffs also seek attorneys' fees and costs.

Defendant Countrywide Home Loans filed an answer on June 25, 2008.

On July 15, 2008, defendants Litton and MERS filed the instant motion to dismiss and motion to strike Plaintiffs' prayer for punitive damages.  Plaintiffs filed an opposition to the motion to dismiss and motion to strike on August 18, 2008.  Defendants filed a reply on August 28, 2008.

## **DISCUSSION**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim may be granted if the cause of action lacks a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480 1484 (9th Cir. 1995).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

Defendants argue that all four claims fail as a matter of law because Plaintiffs do not allege the requisite notice of change of address.  Defendants rely on the subject loan which requires Plaintiffs to provide the Lender with written notice of a change of mailing address.  Defendants argue that the Deed of Trust lists "Borrower's address" as 16688 2nd Street, Huron, California and paragraph 15 of the Deed of Trust requires the borrower to provide notice of a change of address.  Because Plaintiffs do not allege that they ever provided written notice to the

1  Lender of any change of address, Defendants contend the claims against Litton and MERS for
2  failure to provide notice of the transfer of the loan fail as a matter of law.
3       In the alternative, Defendants move to strike the "conclusory" allegations of fraudulent
4  conduct in the third claim for Wrongful Foreclosure, arguing that Plaintiffs have not alleged facts
5  to support a request for punitive damages.  Defendants argue, as above, that Plaintiffs' claim for
6  Wrongful Foreclosure fails to include allegations of malice, oppression or fraud in light of the
7  contractual obligations of Plaintiffs under the Subject Loan to provide the lender with written
8  notice of a change of mailing address.
9       Plaintiff's failure to allege that they provided written notice of change of address is not
10 detrimental to their claims for relief or their request for punitive damages.  At the pleading stage,
11 plaintiffs are not required to plead facts to negate anticipated affirmative defenses.  <u>Gomez v.
12 Toledo</u>, 446 U.S. 635, 640 (1980); <u>U.S. v. McGee</u>, 993 F.2d 184, 187 (9th Cir. 1993).  While
13 defendants' argument may ultimately provide a defense in this action, it would be better suited in
14 a motion for summary judgment after discovery is complete.
15      Accordingly, the Court DENIES Defendants' motion to dismiss and motion to strike
16 without prejudice.  Defendants shall respond to the complaint within 10 days of this Order.
17    IT IS SO ORDERED.
18    **Dated:   September 22, 2008**               **/s/ Dennis L. Beck**
                                                                        UNITED STATES MAGISTRATE JUDGE